IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
BREAKWATER TRADING, LLC,           )
                                   )
           Plaintiff,              )
                                   )
    v.                             )
                                   )
CHARLES MASLIN,                    )
                                   )
    Defendant and                  )    No.  06 C 4242
        Third-Party Plaintiff,     )
                                   )
    v.                             )
                                   )
BREAKWATER CAPITAL, LLC,           )
                                   )
    Third Party Defendant.         )
```

MEMORANDUM ORDER

Breakwater Trading, LLC and Breakwater Capital, LLC (collectively "Breakwater," treated for convenience as a singular noun) have filed their Answer and Affirmative Defenses ("ADs") to the Counterclaim that Charles Maslin ("Maslin") has filed against the former and the Third-Party Complaint that Maslin has asserted against the latter. This memorandum order is issued sua sponte to address one flaw in the Answer and several problematic aspects of the ADs.

First, Answer ¶11 fails to conform to the type of disclaimer that is required by the second sentence of Fed. R. Civ. P. ("Rule") 8(b) to gain the benefit of a deemed denial--see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). And in this instance that deviation is not merely technical because:

1. Breakwater's denial of an allegation as to which it states that it lacks information or knowledge is of course oxymoronic.

2. More significantly, Breakwater cannot disclaim a belief as to whether Maslin (represented by counsel as he is, though he is himself a lawyer) is incurring the types of expenses that he claims.

Accordingly the second sentence of Answer ¶11 is stricken, and Breakwater is deemed to have admitted Maslin's corresponding allegation.

As for the ADs, Breakwater's counsel has not fully considered the concept embodied in Rule 8(c) and the caselaw in this area--see, e.g., App. ¶5 to <u>State Farm</u>. Here are the flawed ADs:[1]

1. ADs 1, 5 and 6 impermissibly rest on Breakwater's version of Maslin's conduct, instead of accepting (as an AD must) Maslin's version together with all reasonable inferences in his favor. This Court's ruling that allowed Maslin's current filing identified the narrow window available to him under the indemnification provisions on

---

[1] Although AD 2's assertion of a lack of subject matter jurisdiction is at odds with this Court's ruling on that issue that enabled Maslin to file his Counterclaim-Third Party Complaint, Breakwater is of course entitled to maintain its position on that score as a matter of record. Accordingly AD 2 will be permitted to remain in place for that purpose.

2

which he seeks to rely even if he were ultimately to be held liable as a substantive matter. Accordingly those three ADs are stricken as well.

    2. AD 4 strikes this Court as bizarre, for it asserts a laches defense at the same time that AD 2 urges a lack of subject matter jurisdiction because "Maslin's claims for indemnification...are not ripe for adjudication." But that aside, this Court holds that any laches claim based on a four-month interval between Breakwater's filing of this action and Maslin's advancement of his current pleading is deficient as a matter of law. Hence AD 4 is also stricken.

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date:   January 18, 2007