IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
BREAKWATER TRADING, LLC,           )
                                   )
     Plaintiff and                 )
       Third-Party Defendant,      )
                                   )
     v.                            )   No.  06 C 4242
                                   )
CHARLES MASLIN,                    )
                                   )
     Defendant and                 )
       Third-Party Plaintiff.      )
```

MEMORANDUM OPINION AND ORDER

This highly contentious lawsuit has generated heated disputes at nearly every turn, most recently taking the form of a motion to dismiss by defendant Charles Maslin ("Maslin") based on a pattern of litigation misconduct throughout the case by plaintiff Breakwater Trading, LLC ("Breakwater"). This Court has reviewed with care the parties' voluminous submissions on that issue (for example, the penultimate February 4, 2008 submission by Breakwater comprised a 43-page memorandum coupled with a no less than four-inch-thick appendix made up of 48 exhibits), together with the discovery materials the parties have advanced to support their respective positions. Those competing submissions have culminated in Maslin's just-tendered 20-page Reply Memorandum, supported by 10 exhibits,[1] which in combination with Maslin's earlier submission are both devastating and

---

[1] Leave is granted to file those materials and to do so under seal (a motion to which Breakwater did not object).

damning.

Not to put too fine a point on the matter, Breakwater's witnesses have lied and fabricated evidence in a number of vital respects--and regrettably, Breakwater's counsel may perhaps have been handmaidens (even if inadvertently, as they say) to that extraordinarily disturbing misconduct, as for example by altering, in Breakwater's responsive memorandum, the language of both some reproduced testimony and an affidavit (see Maslin R. Mem. 2 and 3).[2] Most critically, Breakwater itself has put a false face on the vital facts regarding (1) the date of Lopez de Prado's initial meeting with Breakwater's Rubio and (2) the date

---

[2] After this opinion had already been drafted and transcribed, Breakwater's counsel delivered to this Court's chambers a motion for leave to file a surreply, the principal thrust of which was that the errors referred to in the text were "inadvertently omitted" and "typographical mistakes"--coupling that explanation with a sharp criticism of Maslin's counsel for "'Rambo' litigation tactics" and an "ad hominem" attack." This Court neither makes nor implies any findings as to whether either set of lawyers has acted professionally toward the other--but in candor it is difficult to accept the characterization of the insertion of a nonexistent word ("profits"), which materially changes the meaning of affiant Downs' statement, as an inadvertent omission or a typographical error. Moreover, Breakwater gets no mileage from its inclusion of the original documents as exhibits to its response. To be sure, if this Court had gone back to check the accuracy of the purported quotations in Breakwater's thick set of exhibits, it might have discovered the inaccuracies by itself. But that is not really the Court's expected function in such situations--as Judge Posner has put it colorfully in a related context in United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991):

> Judges are not like pigs, hunting for truffles buried in briefs.

on which Lopez de Prado and Breakwater joined forces--facts that go to the heart of Breakwater's claim of trade secrets and of the asserted violation by Maslin of its rights to such purported trade secrets.

Breakwater seeks to deflect attention from that misconduct--plainly wilful misconduct--on its part by charging Maslin with misconduct on his own. But that kind of argument, which might perhaps call for dismissal of the action anyway on the principle exemplified by the in pari delicto doctrine--with the law in such cases leaving two proved wrongdoers as they are, without lending judicial assistance to either--ignores the equally well established doctrine exemplified by such cases as <u>Wade v. Soo Line R.R.</u>, 500 F.3d 559, 564 (7th Cir. 2007) and, decided less than two weeks ago, <u>Ridge Chrysler Jeep, LLC v. DaimlerChrysler Fin. Servs. Americas LLC</u>, No. 06-4140, 2008 WL 441758, at *2 (7th Cir. Feb. 20).

This Court almost never adopts a litigant's submission, preferring instead to write with its own pen.[3] But in this instance the evidence that Maslin submits in his Reply Memorandum, supplementing his earlier submission, is so compelling and so rich in chapter-and-verse identification of the many instances of wilful and bad faith misconduct on Breakwater's

---

[3] What has just been said used to reflect reality--now the electronic age has made it a mere figure of speech, and an almost archaic one at that.

3

part that repeating what has been said there would be an act of supererogation. This Court warned Breakwater on that score fully 10 months ago, and its warning regrettably went unheeded.

Maslin's presentation is indeed accurate, and it is adopted bag and baggage by this Court. Under the authority of such cases as <u>Ridge Chrysler</u>, <u>Wade</u> and <u>Greviskes v. Univs. Research Ass'n, Inc.</u>, 417 F.3d 752, 759 (7th Cir. 2005)(the latter case citing and quoting the Supreme Court's opinion in <u>Nat'l Hockey League v. Metro. Hockey Club, Inc.</u>, 427 U.S. 639, 643 (1976) as to the propriety of dismissal, not only as a sanction for the miscreant but also as a deterrent to others who may be like-minded), dismissal is called for. And that is so whether the yardstick by which Breakwater's misconduct is measured is preponderance of the evidence or "clear and convincing evidence" (on that score, see both <u>Wade</u> and <u>Ridge Chrysler</u>).

This case differs sharply from the equally recent opinion in <u>Ty v. Softbelly's, Inc.</u>, Nos. 07-1452, 07-1519, 07-1782, 07-1793, 07-2401, 2008 WL 405851 (7th Cir. Feb. 22), in which the overturning of a jury award of more than $700,000 as sanction for a party's misconduct was held to be excessive in relation to that misconduct. Here the case has not advanced to the stage of potential resolution on the merits, in substantial part because of the very misconduct on Breakwater's part that calls for the sanction. So Breakwater is being deprived of a potential claim,

4

rather than an already proved claim, by the dismissal (and as already stated, the claimed misconduct it seeks to ascribe to Maslin would at most give rise to leaving the litigants where they stand, without relief to either).

Accordingly Maslin's motion is granted. This action is dismissed with prejudice.[4]

_____
Milton I. Shadur
Senior United States District Judge

Date: March 3, 2008

---

[4] Just a final few words about Breakwater's new motion for a surreply, which proves once more than the old saying that "a woman always has to have the last word" is a base canard--and a chauvinistic one. Litigation practice constantly confirms that the old saying ought to be that "a lawyer always has to have the last word." But on the merits, Breakwater's motion--like all such motions--has had its desired effect: This Court has perforce had to read the motion to decide it. So denial of the motion would be fruitless, and it is therefore granted. More to the ultimate issue, the decision here has been reached on the basis of Breakwater's conduct, without having to reach any adverse conclusion as to the bona fides of its lawyers.